IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| FLORA L. KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1042-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA; JOHN DOES 1 THROUGH 15, and JANE DOES 1 THROUGH 15, individually, and their marital communities; and THE CITY OF HILLSBORO, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    Randall J. Wolfe
    4500 Kruse Way, Suite 270
    Lake Oswego, Oregon 97035

        Attorney for Plaintiff

    Bruce L. Mowery
    1212 Court Street N. E.
    Salem, Oregon 97301

        Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Flora L. Knox brings suit against the United States government and the City of Hillsboro (the "City"), seeking monetary damages for personal injuries allegedly stemming from tripping and falling on a sidewalk adjoining a branch of the U.S. Post Office in Hillsboro, Oregon. Before me is the City's Motion to Dismiss (#19).

## BACKGROUND

Plaintiff's Complaint named the United States government as the sole identified defendant, but plaintiff's First Amended Complaint added the City as a defendant. Plaintiff's jurisdictional basis for suit against the United States is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, and 28 U.S.C. § 1346(b). She asserts no state law claims against the United States. Her claim against the City is a state law claim for ordinary negligence.

Plaintiff provides correspondence between the two defendants in which each indicates that the other may be liable in whole or in part for plaintiff's injuries.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

**DISCUSSION**

The City argues that plaintiff's First Amended Complaint lacks an independent federal jurisdictional basis to support her claim against the City. The City asserts that the FTCA does not confer jurisdiction of a non-federal claim against a non-federal defendant. The City argues plaintiff is asking the court to extend its jurisdictional authority over the City when there is no independent basis to do so, such as diversity or federal question jurisdiction. Alternatively, if this is a case of supplemental party jurisdiction, as asserted by plaintiff, then the City asks the court to decline to exercise its discretion because the City believes it will be denied the right to a jury trial under the FTCA.

Plaintiff responds that pursuant to 28 U.S.C. § 1367, she does not need an independent basis for federal jurisdiction to support a claim against the City. Plaintiff argues that the pendent state law claim need merely be part of the same case or controversy as the federal claim. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1173 (9th Cir. 2002) (state conspiracy claims could be maintained in federal RICO action).

Plaintiff also relies extensively on the treatise Jayson & Longstreth, Handling Federal Tort Claims, § 6.03 (2005). According to the treatise, 28 U.S.C. § 1367 allows courts to exercise jurisdiction over defendants other than the United States in FTCA actions. Furthermore, the treatise reports that the City's jury trial right is preserved even if litigation against it occurs in a FTCA action. "Where other parties are joined as defendants with the United States, those private defendants may be entitled to a jury trial. In such a situation, the issues between the claimant and the private defendants will be tried by the jury while, concurrently, the issues between the claimant and the United States will be tried by the judge." Handling Federal Tort Claims, §

16.08, at 16-58.

The City is incorrect in its statement that this court does not have jurisdiction over it. Fang v. United States, 140 F.3d 1238, 1243-44 (9th Cir. 1998) (FTCA action; decision to dismiss state law claims against non-federal entities within discretion of district court). 28 U.S.C. § 1367 provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
> . . .
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>     (1) the claim raises a novel or complex issue of State law,
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In addition, under Mendoza, plaintiff must show that the state negligence claim against the City constitutes part of the same case or controversy as the claim arising under the FTCA. Even if it does, the court has discretion whether to exercise supplemental jurisdiction, balancing such factors as judicial economy, convenience, fairness, and comity. Mendoza, 301 F.3d at 1174.

None of the factors presented in § 1367(c) are applicable here. Plaintiff brings a typical personal injury claim against both defendants, whose alleged negligence arises out of the same set of facts. In addition, the state negligence claim is part of the same case or controversy as the

Page 4 - OPINION AND ORDER

federal claims. Mendoza, 301 F.3d at 1174. Furthermore, as indicated above, the City is not precluded from obtaining a jury trial by this court's exercise of jurisdiction over it.

**CONCLUSION**

Based on the foregoing, the City's Motion to Dismiss (#19) is denied.

IT IS SO ORDERED.

Dated this ___7th___ day of June, 2005.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge